[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14747
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cv-00280-ACC-GJK

ANESH GUPTA,

                                                          Plaintiff-Appellant,

versus

RICHARD T MCGAHEY,
Senior Special Agent, U.S. Immigration
and Customs Enforcement,
TIMOTHY WARGO,
Supervisory Special Agent, US Immigration
and Customs Enforcement (ICE),
JOHN KAUFMAN,
Special Agent, US Immigration and
Customs Enforcement (ICE),

                                                          Defendants-Appellees,

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,

                                                          Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 12, 2013)

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Plaintiff Anesh Gupta pro se appeals the district court's denial of his two post-judgment motions to set aside the district court's order dismissing his Bivens action for lack of subject matter jurisdiction. After review, we affirm.

## I.  ORIGINAL DISMISSAL OF COMPLAINT

This is Gupta's second appeal to this Court. Gupta's first appeal challenged the dismissal of his pro se Bivens complaint in this same case. Gupta's complaint alleged that U.S. Immigration and Customs Enforcement ("ICE") officials violated his Fourth and Fifth Amendment rights when they arrested and detained him pending removal proceedings and also searched his apartment and car and seized some of his personal property.

The district court dismissed Gupta's complaint for lack of subject matter jurisdiction based on 8 U.S.C. § 1252(g). Section 1252(g) deprives federal courts of "jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings,

2

adjudicate cases, or execute removal orders against any alien under this chapter."
8 U.S.C. § 1252(g).

On appeal, this Court affirmed. See Gupta v. McGahey, 709 F.3d 1062
(11th Cir.), reh'g en banc denied, No. 11-14240 (Nov. 7, 2013). The Court
explained that ICE agents sought Gupta's arrest and detention "without bond
pending a removal determination because of Gupta's 'escalating delusion' and
continued focus on the Disney World management, the resort's importance as a
'Critical Infrastructure asset,' and Gupta's potentially dangerous knowledge [as a
Disney World employee] of the resort's infrastructure." Id. at 1064. The Court
determined that "[s]ecuring an alien while awaiting a removal determination
constitutes an action taken to commence proceedings" within the meaning of
§ 1252(g), and that "[e]ach of Gupta's claims allege, as his direct injury, an action
taken to secure him and prevent the perceived threat he posed to Disney World
while he awaited a deportation hearing." Id. at 1065. The Court concluded that,
"[b]ecause all of Gupta's claims challenge actions taken to commence removal
proceedings, § 1252(g) strips the federal courts of subject-matter jurisdiction" to
entertain Gupta's Bivens claims. Id. at 1066.

## II.  GUPTA'S TWO POST-JUDGMENT MOTIONS

While Gupta's first appeal was pending, he filed two pro se motions to set
aside the district court's dismissal order and an earlier order denying Gupta's

3

motion to compel discovery.  One of Gupta's motions cited Federal Rule of Civil Procedure 60(b)(3), and the other motion cited Rule 60(d)(3).[1]  Both motions alleged that the defendants had committed fraud by making false representations during discovery about what documents—in particular all the pages of the multi-part Form I-181—were in Gupta's alien file.[2]

The district court denied the two Rule 60 motions.  The district court found, inter alia, that: (1) Gupta's complaints about the Form I-181 "ha[d] nothing whatsoever to do with the Court's determination that it lack[ed] subject matter jurisdiction" over Gupta's Bivens claims; (2) nothing about the dispute over the Form I-181 had prevented Gupta "from fully and fairly presenting his position regarding the Court's subject matter jurisdiction"; and (3) "[m]ore fundamentally, there [was] nothing about the Form I-181 that would afford any basis for relief

---

[1]Rule 60(b)(3) permits a district court to relieve a party of a judgment on the grounds of "fraud . . . , misrepresentation, or misconduct by an opposing party."  Fed. R. Civ. P. 60(b)(3).  Rule 60(d)(3) provides that nothing in Rule 60 limits the district court's power to set aside a judgment for fraud on the court.  Fed. R. Civ. P. 60(d)(3).  We review a district court's denial of a Rule 60(b)(3) motion for an abuse of discretion.  Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1287 (11th Cir. 2000).

[2]A Form I-181 is a "Memorandum of Creation of Record of Lawful Permanent Residence," consisting of three copies of the same form.  The first page is the "file copy," the second page is "for master index report," and the third page is "for adit and statistical reports," as indicated at the bottom of each page.  When completed, the form contains identifying information about the alien and the alien's immigration status, such as the basis for the alien's nonimmigrant visa, his priority date, class of admission and port of entry for permanent residence.  There are also boxes for immigration officials to record what actions are taken with respect to the alien's application for adjustment of status.  Gupta's motions contended that the defendants lied to a magistrate judge ruling on Gupta's motion to compel as to whether Gupta's alien file contained all three pages of his Form I-181 or only the third page, which the defendants produced during discovery.

4

from the Court's order dismissing the case for lack of subject matter jurisdiction." Gupta then filed this second appeal.

We affirm the district court's denial of Gupta's two Rule 60 motions for the reasons given by the district court. As a prior panel of this Court already concluded, the district court properly dismissed Gupta's <u>Bivens</u> action, pursuant to § 1252(g), for lack of subject matter jurisdiction. As the district court noted, Gupta's claims of fraud in his Rule 60 motions have no bearing on the district court's jurisdictional ruling, which has since been affirmed by this Court.

**AFFIRMED.**